```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                      :
HINDMAN LLC,                                          :
                                                      :
                                                      :      21 MC 452 (PAE)
                         Plaintiff,                   :
                                                      :           ORDER
             -v-                                      :
                                                      :
HARRY MIHALY, et al.,                                 :
                                                      :
                         Defendants.                  :
                                                      :
                                                      :
------------------------------------------------------------------------ X
```

PAUL A. ENGELMAYER, District Judge:

On December 4, 2020, plaintiff Hindman LLC ("Hindman") obtained a default judgment from the United States District Court for the Northern District of Illinois, Eastern Division, against defendants Harry Mihaly ("Mihaly"), Harry Ehrenreich, and Yacov Ehrenreich (together, "defendants") in the amount of $427,933.76, plus post-judgment interest and costs. Dkt. 1 at 3. On May 20, 2021, Hindman registered the judgment in this Court pursuant to 28 U.S.C. § 1963, which provides that "[a] judgment so registered shall have the same effect as the judgment of the district court of the district where registered and may enforced in a like manner." 28 U.S.C. § 1963.

Hindman now moves to hold defendants Mihaly and Yacov Ehrenreich in contempt of court; impose sanctions on them for failure to provide post-judgment discovery; award Hindman further damages; and grant Hindman any other just and proper relief. *See* Dkts. 6, 9 ("Hindman Mem."). Because there is no order in effect requiring defendants to comply with those discovery obligations, Hindman's motion is denied, without prejudice.

1

Federal Rule of Civil Procedure 69 provides that, "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided" elsewhere in the Rules or "by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Pursuant to that Rule, on June 7, 2021, Hindman served an information subpoena and restraining order on Mihaly and Yacov Ehrenreich, shortly after it had registered the judgment in this District. *See* Dkt. 8 ("Yudin Decl."), ¶¶ 3, 12; *id.*, Exs. C, I. On June 8, 2021, Yacov Ehrenreich was served with an information subpoena and restraining notice. *Id.* ¶ 12; *see id.* Ex. I. On June 15, 2021, Mihaly and Yacov Ehrenreich were separately served with a subpoena *duces tecum* and a restraining notice directing them to appear at depositions on August 4, 2021. *Id.* ¶¶ 6, 16; *id.* Exs. D, J. On July 27, 2021, additional copies of the information subpoena and restraining notice and subpoena *duces tecum* and restraining notice were served on Mihaly. *Id.* ¶ 7; *id.* Ex. E. On August 5, 2021, Hindman wrote to Mihaly and Yacov Ehrenreich, rescheduling each of their depositions for August 25, 2021. *Id.* ¶¶ 9, 18; *id.* Exs. F, K.

According to Hindman, Mihaly and Yacov Ehrenreich have "failed to provide any documents or appear for deposition" and have "ignored all post-judgment discovery demands." *Id.* ¶¶ 11, 19. Thus, Hindman asks this Court to grant it relief, including by holding Mihaly and Yacov Ehrenreich in contempt and by sanctioning them. The defendants have not appeared in this action.

Hindman's motion is denied. As noted above, Rule 69 allows a judgment creditor to "obtain discovery . . . as provided in these rules . . ." Fed. R. Civ. P. 69(a)(2). But Hindman has not sought to obtain discovery as such, at least according to its submissions on this motion. Rule 37 states that a party "may move for an order compelling disclosure or discovery," and that

motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery," without intervention by the Court.  Fed. R. Civ. P. 37(a)(1).  Hindman has not filed a motion to compel, or moved for any action less severe than the contempt and sanctions it currently seeks.  Although Hindman rightly notes that courts have the power to enforce their own orders, including with sanctions or by holding parties in contempt, Hindman Mem. at 9, Hindman fails to point to any such order that *this Court* has issued and that defendants have violated.  That is required under the Federal Rules of Civil Procedure.  *Cf. Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir.1991) ("[T]here must be a valid court order in force before sanctions may be imposed pursuant to Rule 37(b)(2)."); *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020).

    The Court accordingly denies Hindman's motion.  This ruling is without prejudice to Hindman's right to move to compel the discovery at issue, and in the event of non-compliance, to pursue all appropriate remedies.

    SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 1, 2021
       New York, New York