UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                    :
HINDMAN LLC,                                        :
                                                    :
                              Plaintiff,            :          21 Misc. 452 (PAE)
                                                    :
                                                    :              ORDER
                   -v-                              :
                                                    :
HARRY MIHALY, et al.,                               :
                                                    :
                              Defendants.            :
                                                    :
                                                    :
------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

On December 4, 2020, plaintiff Hindman LLC ("Hindman") obtained a default judgment

from the United States District Court for the Northern District of Illinois, Eastern Division,

against defendants Harry Mihaly ("Mihaly"), Harry Ehrenreich, and Yacov Ehrenreich (together,

"defendants") in the amount of $427,933.76, plus post-judgment interest and costs. Dkt. 1 at 3.

On May 20, 2021, Hindman registered the judgment in this Court pursuant to 28 U.S.C. § 1963,

which provides that "[a] judgment so registered shall have the same effect as the judgment of the

district court of the district where registered and may enforced in a like manner."

Hindman now moves to compel Mihaly and Yacov Ehrenreich to provide all demanded

post-judgment discovery; to fine and sanction them; to order them to pay Hindman's attorneys'

fees; and grant Hindman any other just and proper relief. *See* Dkts. 12, 15 ("Hindman Mem.").

For the reasons that follow, Hindman's motion to compel is granted. However, the Court will

not, without first giving Mihaly and Yacov Ehrenreich an opportunity to comply with this order

to compel, impose any fine or sanction on them. But, as addressed below, the Court will also

consider an application for attorneys' fees from Hindman.

## I.      Background

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided" elsewhere in the Rules or "by the procedure of the state where the court is located." Pursuant to that Rule, on June 7, 2021, Hindman, shortly after it had registered the judgment in this District, served an information subpoena and restraining order on Mihaly. *See* Dkt. 13 ("Yudin Decl.") ¶ 3; Dkts. 13-3.[1] On June 8, 2021, Yacov Ehrenreich was served with the information subpoena and a restraining notice. Yudin Decl. ¶ 12; *see* Dkt. 13-8. On June 15, 2021, Mihaly and Yacov Ehrenreich were separately served with a subpoena *duces tecum* and a restraining notice directing them to appear at depositions on August 4, 2021. Yudin Decl. ¶¶ 6, 16; Dkts. 13-4, 13-10. On July 27, 2021, additional copies of the information subpoena and restraining notice and subpoena *duces tecum* and restraining notice were served on Mihaly. Yudin Decl. ¶ 7; Dkt. 13-5. On August 5, 2021, Hindman wrote to Mihaly and Yacov Ehrenreich, rescheduling each of their depositions for August 25, 2021. Yudin Decl. ¶¶ 9, 18; Dkts. 13-6, 13-11.

On October 1, 2021, the Court denied Hindman's motion to hold Mihaly and Yacov Ehrenreich in contempt of court and to impose sanctions on them, without prejudice to its right to compel the discovery at issue. Dkt. 11. On October 6, 2021, Hindman filed such a motion to compel. *See* Hindman Mem. at 1–2. According to Hindman, Mihaly and Yacov Ehrenreich have "failed to provide any documents or appear for deposition" and have "ignored all post-judgment discovery demands." Yudin Decl. ¶¶ 11, 19. Hindman therefore asks this Court to

---

[1] The Yudin declaration includes two paragraphs numbered as paragraph 3. The Court here cites the second of the two paragraphs.

grant it relief by, *inter alia*, compelling them to respond to subpoenas for information and directing Mihaly and Yacov Ehrenreich to appear for their depositions. The defendants have not appeared in this action.

## II.   Applicable Law

### A. Motion to Compel

"Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." *First City, Tex.-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002). Under Rule 37(a), a judgment creditor may move to compel the debtor's compliance with post-judgment discovery requests. *See, e.g., Star Fabrics, Inc. v. Gogo Apparel, Inc.*, No. 19 Misc. 144 (JMF), 2019 WL 3302610, at *1 (S.D.N.Y. July 23, 2019); *Exp.-Imp. Bank of Republic of China v. Democratic Republic of Congo*, No. 16 Civ. 4480 (DAB), 2018 WL 10601809, at *2 (S.D.N.Y. Aug. 29, 2018). The motion must include a certification that the movant "has in good faith conferred to attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Such motions may be granted against parties who defaulted in the underlying action. *See Exp.-Imp. Bank of Republic of China*, 2018 WL 10601809, at *2. The judgment creditor "must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07 Civ. 3219 (PKC) (DF), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (quoting *Costomar Shipping*

*Co. v. Kim-Sail, Ltd.,* No. 95 Civ. 3349 (KTD), 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995)).

### B. Attorneys' fees

Rule 37 provides for fee awards. Under Rule 37(a)(5)(A), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

### III.   Application

Hindman has demonstrated that it is entitled to an order to compel the discovery it seeks from Mihaly and Yacov Ehrenreich. It has represented that it has written letters to the addresses of each – addresses which are the only contact information Hindman has for them, describing their discovery obligations. The letters "were written in a good faith effort to confer with the judgment debtors and avoid court involvement." Dkt. 14 ("D'Orazio Decl.") ¶ 9. The requests squarely relate to Hindman's efforts to discover Mihaly and Yacov Ehrenreich's assets. Because the motion both meets Rule 37's procedural requirements and requests information within the scope envisioned by post-judgment discovery, the Court grants the motion to compel.

Mihaly and Yacov Ehrenreich are directed to respond to the subpoenas within two weeks of this order and to appear at depositions, which are to be scheduled by Hindman with at least two weeks' notice. Because Hindman's motion to compel has been granted, Hindman is further entitled to an award of attorneys' fees, following Mihaly and Yacov Ehrenreich's opportunity to be heard. Hindman has not submitted an affidavit or declaration setting forth the amount of attorneys' fees or costs it reasonably incurred. Any such supporting declaration or affidavit is to

be submitted within one week of this order.  Mihaly and Yacov Ehrenreich are to submit their response to that declaration or affidavit, if any, by November 15, 2021.

This order is to served on Mihaly and Yacov Ehrenreich forthwith, with an affidavit of service promptly thereafter filed on the docket of this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 22, 2021
       New York, New York