UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                                   :
HINDMAN LLC,                                      :
                                                                   :               21 Misc. 452 (PAE)
                                    Plaintiff,              :
                                                                   :                    <u>ORDER</u>
                            -v-                                        :
                                                                   :
HARRY MIHALY, et al.,                             :
                                                                   :
                                     Defendants.   :
                                                                   :
                                                                   :
------------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

On October 22, 2021, the Court granted a motion to compel by plaintiff Hindman LLC ("Hindman") for post-judgment discovery against defendants Harry Mihaly and Yacov Ehrenreich (together, "defendants"). The Court also permitted Hindman to submit a declaration as to the attorneys' fees and costs it reasonably incurred in moving to compel, and gave defendants an opportunity to be heard. Dkt. 16. Hindman has submitted such a declaration. Dkt. 18. To date, defendants have not responded—or appeared.

Before the Court now is Hindman's unopposed application for attorneys' fees in the amount of $9,740. For the reasons set out below, the Court awards Hindman $3,148.42.

**I.      Background**

On December 4, 2020, Hindman obtained a default judgment from the United States District Court for the Northern District of Illinois, Eastern Division, against defendants Harry Mihaly, Harry Ehrenreich, and Yacov Ehrenreich, in the amount of $427,933.76, plus post-

judgment interest and costs. Dkt. 1 at 3.[1] On May 20, 2021, Hindman registered the judgment in this Court pursuant to 28 U.S.C. § 1963, which provides that "[a] judgment so registered shall have the same effect as the judgment of the district court of the district where registered and may enforced in a like manner."

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided" elsewhere in the Rules or "by the procedure of the state where the court is located." Pursuant to that Rule, on June 7, 2021, Hindman, soon after registering the judgment in this District, served an information subpoena and restraining order on Mihaly. *See* Dkts. 13 ("Mot. to Compel Decl.") ¶ 3, 13-3.[2] The next day, Hindman served Yacov Ehrenreich with the information subpoena and a restraining notice. Mot. to Compel Decl. ¶ 12; Dkt. 13-8. On June 15, 2021, defendants were each served with a subpoena *duces tecum* and a restraining notice directing them to appear at depositions on August 4, 2021. Mot. to Compel Decl. ¶¶ 6, 16; Dkts. 13-4, 13-10. On July 27, 2021, additional copies of the information subpoena and restraining notice, and subpoena *duces tecum* and restraining notice, were served on Mihaly. Mot. to Compel Decl. ¶ 7; Dkt. 13-5. On August 5, 2021, Hindman wrote to Mihaly and Yacov Ehrenreich, rescheduling their depositions for August 25, 2021. Mot. to Compel Decl. ¶¶ 9, 18; Dkts. 13-6, 13-11.

On October 1, 2021, the Court denied Hindman's motion to hold Mihaly and Yacov Ehrenreich in contempt and for sanctions against them, without prejudice to its right to compel

---

[1] Hindman did not file a motion to compel any discovery from defendant Harry Ehrenreich.

[2] The declaration includes two paragraphs numbered as paragraph 3. The Court here cites the second of the two paragraphs.

the discovery at issue. Dkt. 11. On October 6, 2021, Hindman filed a motion to compel discovery. Dkt. 15. According to Hindman, Mihaly and Yacov Ehrenreich have "failed to provide any documents or appear for deposition" and have "ignored all post-judgment discovery demands." Mot. to Compel Decl. ¶¶ 11, 19. Hindman thus asked the Court for relief including to compel the defendants to respond to subpoenas for information and directing them to appear for depositions.

On October 22, 2021, the Court granted Hindman's motion to compel, but declined to impose a fine or sanction the defendants without first giving them an opportunity to comply with the order. Dkt. 16 at 1. The Court also directed Hindman, within one week of the order, to submit a supporting declaration or affidavit for attorneys' fees incurred, and gave Mihaly and Yacov Ehrenreich until November 15, 2021, to respond. *Id.* at 4–5.

On October 29, 2021, Hindman submitted a declaration, by Steven G. Yudin, Esq., documenting fees incurred by him and Bernard D'Orazio, Esq., in connection with its motion to compel. Dkt. 18 ("Yudin Decl."). As noted, to date, no defendant has opposed the fee petition or otherwise appeared in this post-judgment action.

**II.     Applicable Legal Standards Governing Attorneys' Fees**

In determining the amount of a fee award, district courts are to calculate the "presumptively reasonable fee." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009). "The starting point for determining the presumptive reasonable fee is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Charles v. City of New York*, No. 13 Civ. 3547 (PAE), 2014 WL 4384155, at *2 (S.D.N.Y. Sept. 4, 2014) (internal quotation marks and citation omitted). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to

pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds and superseded sub nom. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182 (2d Cir. 2008)). Courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119.

"[T]he fee applicant . . . bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). The inquiry is "case-specific," *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18 Civ. 4437 (JGK) (BCM), 2021 WL 1549916, at *2 (S.D.N.Y. Apr. 20, 2021 (quoting *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)), such that "a reasonable rate for a routine task in a simple case may be quite different from a reasonable rate for a complex task in a challenging case," even when done by the same attorney or firm, *id.* (citing *Lilly v. City of New York*, 934 F.3d 222, 231–32 (2d Cir. 2019)). Even where a fee application is unopposed, "the Court must independently ascertain the reasonableness of the particular request for fees and for cost repayment." *See Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2017 WL 66325, at *1 (S.D.N.Y. Jan. 6, 2017) (reviewing unopposed fees in Fair Labor Standards Act settlement).

### III. Application

The Court first reviews the hourly rates proposed by counsel and, undertaking a case-specific analysis, finds that a reduction of 30% is warranted for Yudin and D'Orazio. The Court then reviews the reasonable number of hours, finding that only those relevant to the motion to

4

compel and this fee application may be considered, and reducing Yudin's fees by 10% for reasonableness.

### A. Hourly Rates

Two attorneys worked on the motion to compel—Yudin, who did the lion's share of the work, and D'Orazio. Yudin, a senior counsel, submitted an invoice indicating that he charged Hindman $500 per hour for his services, and that D'Orazio, the founding partner of his firm, charged Hindman $600 per hour. Yudin Decl. ¶ 14. Yudin attests that he and D'Orazio have been practicing commercial litigation in federal and state court for over 35 years. *Id.* ¶ 15.

"The prevailing market rates for attorneys" in this District "for fees incurred on discovery motions range from $450 to $600 per hour for partners, and $220 to $400 per hour for associates." *Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287 (PAE), 2015 WL 1840264, at *3 (S.D.N.Y. Apr. 21, 2015) (quoting *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728 (GDB) (HBP), 2015 WL 855796, at *10 (S.D.N.Y. Feb. 27, 2015)) (collecting cases) (cleaned up). "[F]ee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, No. 14 Civ. 7333 (PAE), 2015 WL 5144120, at *5 (S.D.N.Y. Sept. 1, 2015) (quoting *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)).

Given the case-specific analysis required here, prevailing rates in the District, and the relatively simple nature of this motion, the Court reduces Yudin's rate by 30%, to $350 per hour. This rate better aligns with the work performed in this instance, which did not require complex legal research or delving into the record of the case, and his position as senior counsel. The Court reduces D'Orazio's rate by the same percentage, to $420 per hour. *See, e.g.*, *Karsch v. Blink Health Ltd.*, No. 17 Civ. 3880 (VM) (BCM), 2019 WL 6998563, at *3 (S.D.N.Y. Dec. 20,

2019); *Charlestown Cap. Advisors, LLC*, 2021 WL 1549916, at *3 (reducing rates where fee application arose out of "a relatively straightforward discovery dispute").

### B. Number of Hours

A party is to be compensated only for "hours reasonably expended on the litigation," not for hours "that are excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Upon finding that counsel seeks compensation for excessive hours, 'the [C]ourt has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

The Court finds that Hindman is entitled to a fee award for 8.5 hours of Yudin's work and 0.4 hours of D'Orazio's work. The Court reaches these results by (1) limiting the compensable hours to those actually spent on the motion to compel and the accompanying fee application, as opposed to earlier work in the litigation, (2) including the fees spent preparing the application, and (3) deducting 10% from Yudin's hours to reflect block billing and other problematic features.

#### 1. Fees Spent on Motion to Compel

Yudin submits that he and D'Orazio spent a total of 19.40 hours on the motion to compel. *See* Yudin Decl. ¶ 17, *id.* Ex. 2 ("Invoice"). But that figure includes work apparently done in support of Hindman's September 28, 2021, proposed order to show cause and attached documentation, Dkts. 6, 8, 9, for which a fee award is unwarranted.

In that proposed order to show cause, Hindman sought a ruling "hold[ing] the judgment debtors in contempt . . . and impos[ing] further sanctions for their failure to obey and respond to"

subpoenas served by Hindman. Dkt. 9 at 1. On October 1, 2021, the Court denied the motion and declined to issue the order to show cause, explaining that there was no order then in effect that required defendants to comply with their discovery obligations. The Court did so without prejudice to Hindman's right to move to compel the discovery at issue. Dkt. 11.

That motion, being unsuccessful and not a motion to compel, does not qualify for relief under Rule 37(a)(5)(A) (court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses *incurred in making the motion*") (emphasis added).[3] The Court therefore will consider only counsels' time entries between October 1 and 28, 2021, which sum to 9.90 hours. *See Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319 F.R.D. 474, 476 (S.D.N.Y. 2017) (denying fee application for filing letter where "the letter did not seek 'an order compelling disclosure or discovery'") (quoting Fed. R. Civ. P. 37(a)(1)).

### 2. Fees-on-Fees

Within those 9.90 hours are five that Yudin spent drafting the declaration constituting the instant fee application and doing supporting legal research. That work is compensable. "[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for [statutory] fees [under the Civil Rights Attorney's Fees Award Act]." *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). This principle has been applied in other contexts, "[u]nless expressly prohibited by the terms of a Federal Rule of Civil Procedure 68 offer." *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 257 (E.D.N.Y. 2020) (citing *Lilly*, 934 F.3d at

---

[3] Even if the proposed order did qualify as a motion under Rule 37(a)(1) "compelling disclosure or discovery," the Court would not necessarily be required to award fees because the motion was denied. *See* Fed. R. Civ. P. 37(a)(5)(B) (court must require unsuccessful movant "to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," but it "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust").

235; *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017)); *see also, e.g.*, *Murray v. UBS Sec., LLC*, No. 14 Civ. 927 (KPF), 2020 WL 7384722, at *28 (S.D.N.Y. Dec. 16, 2020).

### 3. Reduction in Yudin's Hours

Finally, Yudin's hours must be reduced because the invoice demonstrates block billing and problematic billing practices. "[B]lock billing" consists of "grouping multiple tasks into a single billing entry, so as to leave unclear how much time was devoted to each constituent task." *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *6 (S.D.N.Y. Sept. 4, 2014). Block billing "can make it more difficult to determine reasonableness." *Delta Airlines*, 2015 WL 1840264, at *4 (quoting *Oleg Cassini, Inc. v. Electrolux Home Prods., Inc.*, No. 11 Civ. 1237 (LGS) (JCF), 2013 WL 3871394, at *3 (S.D.N.Y. July 26, 2013)). "[B]lock billing is most problematic where large amounts of time (*e.g.*, five hours or more) are block billed," because "the limited transparency afforded by block billing meaningfully clouds a reviewer's ability to determine the projects on which significant legal hours were spent." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 53–54 (S.D.N.Y. 2015) (collecting cases).

Here, Yudin's entries reflect one problematic instance of block billing, in that it entailed a time block large enough to expect greater specificity. On October 25, 2021, he reports, without more, that he drafted the declaration supporting the fee application and conducted legal research, and that this work took five hours. Invoice at 1–2. Because this entry leaves opaque the time spent on each of these tasks, the Court cannot assess whether it was well spent. Another entry reflects a related deficiency. On October 4, 2021, Yudin reports working 1.0 hours drafting the motion to compel and "prepar[ing] same for filing." *Id.* at 1. Although this time entry concerns limited time, the tasks it describes include work that may not be compensable at the same rates,

in that the preparation of the motion for filing may have included clerical tasks suitable for a legal assistant, not a seasoned counsel.  *See Aiello v. Town of Brookhaven*, No. 94 Civ. 2622 (FB) (WDW), 2005 WL 1397202, at *3 (E.D.N.Y. June 13, 2005) (applying 10% reduction because of "ambiguities created by [a] substantial use of block billing"); *Hnot v. Willis Grp. Holdings Ltd.*, No. 01 Civ. 6558 (GEL), 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008); *Tucker v. City of New York*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010) (reducing hours where entries "reflect[ed] attorneys performing work that can be done by a clerical person or at most a paralegal," including "the filing of papers").

Finally, the Court notes that counsels' timesheets, with the exception of one meeting between D'Orazio and Yudin (which only D'Orazio documents), "are billed in half-hour or full-hour blocks," which "calls into question the precision of the billing."[4]  *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, No. 07 Civ. 7983 (DAB) (HBP), 2011 WL 8955840, at *8 (S.D.N.Y. Apr. 7, 2011), *report and recommendation adopted*, No. 07 Civ. 7983 (DAB), 2012 WL 3871394 (S.D.N.Y. Sept. 6, 2012).  This, too, "justifies some further conservatism in calculating the amount of compensable time."  *Id.* (quoting *Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, 05 Civ. 6757 (LTS) (MHD), 2009 WL 466136 at *4 (S.D.N.Y. Feb. 25, 2009) (observing that even quarter-hour segments "tend[] substantially to overstate the amount of time spent when many tasks require only a short time span to complete" and such practice "deviates from the use of tenth-of-an-hour increments utilized by many firms")) (collecting cases).

The Court accordingly will reduce Yudin's compensable hours by 10%.

---

[4] D'Orazio's is also the only entry that is less than an hour listed on the invoice.  *See* Invoice.

### C.     Costs

Hindman is also awarded $5.42 in reasonably incurred postage costs, *see* Invoice at 2. *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989) ("attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients").

## CONCLUSION

For the foregoing reasons, the Court therefore approves a fee award consisting of 8.5 hours of Yudin's time at $350 per hour, 0.4 hours of D'Orazio's time at $420 per hour, and $5.42 in costs.  The sum total is therefore $3,148.42.

This order is to be served on Mihaly and Yacov Ehrenreich forthwith, with an affidavit of service promptly thereafter filed on the docket of this case.  Payment shall be made within 45 days of this order.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 3, 2022
       New York, New York