UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                         :

HINDMAN LLC,

                   Plaintiff,

           -v-

HARRY MIHALY, et al.,

                Defendants.

------------------------------------------------------------------- X

**21 MC 452 (PAE)**

**ORDER**

PAUL A. ENGELMAYER, District Judge:

On December 4, 2020, plaintiff Hindman LLC ("Hindman") obtained a default judgment from the United States District Court for the Northern District of Illinois, Eastern Division, against defendants Harry Mihaly ("Mihaly"), Harry Ehrenreich, and Yacov Ehrenreich in the amount of $427,933.76, plus post-judgment interest and costs. Dkt. 1 at 3. On May 20, 2021, Hindman registered the judgment in this Court pursuant to 28 U.S.C. § 1963, which provides that "[a] judgment so registered shall have the same effect as the judgment of the district court of the district where registered and may enforced in a like manner." On October 22, 2021, the Court granted Hindman's motion to compel Mihaly and Yacov Ehrenreich (together, "defendants") to provide all demanded post-judgment discovery, Dkt. 16 ("Order to Compel"), and, on January 3, 2022, further ordered them to pay Hindman's attorneys' fees incurred in making the motion to compel, Dkt. 21 ("Order on Fees").

Neither Mihaly nor Yacov Ehrenreich has complied with the Court's orders. Before the Court is a motion from Hindman to hold them in contempt of court and impose further sanctions on each, including fine and/or imprisonment. Dkts. 25, 26 ("Yudin Decl."), 27 ("Mem.").

Hindman states that defendants have not obeyed either the Court's order to compel discovery or the Court's order to pay Hindman's attorneys' fees.

The Court has directed Hindman to serve the defendants and its order and to file proof of service, Dkt. 28, which Hindman did, Dkts. 29–31. The Court also directed defendants to submit any response to the motion to hold them in contempt by two weeks after such service is made. Such responses were due March 31, 2022, but none was received. For the following reasons, the Court grants Hindman's motion for civil contempt sanctions against Mihaly and Yacov Ehrenreich.

## I.    Applicable Legal Standards

Federal Rule of Civil Procedure 37(b) sets out potential sanctions for failure to obey a discovery order. These include assuming certain facts as true; striking pleadings; staying proceedings; dismissing the action; rendering a default judgment; or "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b). "A federal district court has 'the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses or damages.'" *Cordius Tr. v. Kummerfeld*, No. 99 Civ. 3200 (DLC), 2009 WL 3416235, at *5 (S.D.N.Y. Oct. 23, 2009) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981)). A district court also has discretion "to impose contempt sanctions for violations of post-judgment discovery orders." *Servaas Inc. v. Republic of Iraq*, No. 09 Civ. 1862 (RMB), 2014 WL 279507, at *2 (S.D.N.Y. Jan. 24, 2014), *vacated on other grounds, SerVaas Inc. v. Mills*, 661 F. App'x 7, 8 (2d Cir. 2016) (summary order); *see Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12 Civ. 4502 (ALC), 2018 WL 5629900, at *1 (S.D.N.Y. Oct. 31, 2018).

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Tech.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).  A party need not be willful in failing to comply.  *Id.*; *see Bank of Credit & Com. Int'l (Overseas) Ltd. v. Tamraz*, No. 97 Civ. 4759 (SHS), 2006 WL 1643202, at *2 (S.D.N.Y. June 13, 2006).

When a party is in civil contempt, "the court must determine what sanctions are necessary to secure future compliance with its order and to compensate the complaining party for past noncompliance." *Tamraz*, 2006 WL 1643202, at *3 (citing *Paramedics Electromedicina*, 369 F.3d at 657).  Although the district court has "considerable discretion" to determine an appropriate sanction, courts will consider "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Id.* (citing *Paramedics Electromedicina*, 369 F.3d at 657–58).

## II.   Discussion

The Court finds that Hindman has met its burden to show contempt.

First, the orders with which the defendants have failed to comply are clear and unambiguous.  On October 22, 2021, the Court granted Hindman's motion to compel, and directed defendants "to respond to the subpoenas within two weeks of this order, and to appear at depositions, which are to be scheduled by Hindman with at least two weeks' notice." Order to Compel at 1, 4.  And on January 3, 2022, the Court awarded Hindman $3,148.42 in fees and

3

costs reasonably incurred in moving to compel, and directed defendants to make payment within 45 days of that order.  Order on Fees at 10.

Second, the proof of defendants' noncompliance is clear and convincing.  As to the discovery demands, on October 25, 2021, defendants were served, via mail, with the order and a letter rescheduling depositions for November 23, 2021.[1]  Yudin Decl. ¶ 11.  On October 28 and 29, 2021, they were also served at their homes.  *Id.* ¶¶ 12–13.  But defendants have wholly disobeyed the court order compelling their compliance with all such discovery.  *Id.* ¶ 14.  They did not produce any documents or appeared depositions.  *Id.*  Nor have they paid Hindman the fees the Court awarded.  These lapses are in spite of proof of service of the Court's orders, by mail, email, and at their residences.  *Id.* ¶¶ 16–18, 29–31.  Finally, there is no indication that defendants even attempted to comply, let alone diligently and reasonably.  They have not filed any responses or appeared to date in this action.  Accordingly, Hindman has met its burden to show that they are in contempt.  *See, e.g.*, *Frazier v. APM Fin. Sols., LLC*, No. 11 Civ. 1762, 2015 WL 8483237, at *2 (D. Conn. Dec. 9, 2015).

As to the appropriate sanctions, the Court finds a fine warranted, as a means to compel compliance.  *See Tacuri v. Nithun Constr. Co.*, No. 14 Civ. 2908, 2019 WL 6914042, at *3 (E.D.N.Y. Dec. 19, 2019).  Mihaly and Yacov Ehrenreich will each be fined $100 a day for their failure to comply with the subpoenas, beginning 30 days after the day they are served with this order and the previous filings and orders in this case.  These fines will cease to accrue once the defendant in question provides the required discovery (including deposition testimony to the

---

[1] The declaration states that service was performed on November 23, 2012.  *See* Yudin Decl. ¶ 11.  The Court takes the year, 2012, to be a typographical error.

4

extent noticed).  For avoidance of doubt, defendants remain responsible for the fees awarded by the Court arising from Hindman's motion to compel.

These fines are appropriate given the harm posed by defendants' continuing noncompliance, the capacity of the fine's structure to bring about compliance, and the considerable judgment and fees already assessed against them.  The harm is to Hindman, which has diligently pursued post-judgment discovery against defendants and been repeatedly thwarted over the past several months.  Despite compelling proof that defendants are aware of the process against them,[2] defendants have repeatedly spurned the Court's orders compelling discovery and awarding Hindman fees.  And although a defendant may resist a fine on grounds of inability to pay, it is a defendant's "burden to raise and prove such a defense," which defendants, having disdained these proceedings, have not done.  *See LaBarbera v. Gulgar Trucking*, No. 07 Civ. 4106, 2020 WL 9814079, at *4 (E.D.N.Y. Feb. 4, 2020).  The Court's imposition of a $100 per day coercive fine tracks similar orders by courts in this Circuit aimed at procuring compliance with court orders.  *See, e.g.*, *Tacuri*, 2019 WL 6914042, at *3 (imposing fine of $100 per day for each day of continued noncompliance, beginning two weeks after the date of service); *LaBarbera*, 2020 WL 9814079, at *4 (recommending the court subject defendant to daily fines of $100).  Accordingly, the Court will impose such contempt sanctions against Mihaly and Yacov Ehrenreich.

---

[2] *See, e.g.*, Dkts. 8-4 (on June 16, 2021, subpoena and restraining notice served on Harry Mihaly personally); 8-5 (on July 28, 2021, letter, subpoena, restraining notice served on co-tenant who verified that Harry Mihaly resides there); 8-10 (on June 16, 2021, subpoena and restraining notice served on Ms. Ehrenreich, a relative of Yacov Ehrenreich, who confirmed that he resides there); 20 (on November 1, 2021, documents, including letter, subpoena and restraining notice, and order, were served on Ms. Ehrenreich).

The Court does not, however, find arrest and imprisonment warranted, plaintiffs' request for such relief notwithstanding, *see* Mem. at 5–6. Arrest may be an "appropriate coercive sanction . . . so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act." *Tamraz*, 2006 WL 1643202, at *3 (citing *Hicks v. Feiock*, 485 U.S. 624, 631–64 (1988)). But in awarding sanctions, the Court must use the "least possible power adequate to the end proposed." *See Leser v. U.S. Bank Nat. Ass'n*, No. 09 Civ. 2362, 2011 WL 1004708, at *11 (E.D.N.Y. Mar. 18, 2011) (quoting *Shillitani v. United States*, 384 U.S. 364, 371 (1966)). For the time being, the Court prefers to pursue compliance with monetary sanctions, in the hope that resort to arrest will not prove necessary to procure compliance with the outstanding discovery.

## CONCLUSION

Hindman is directed to serve this order, the Court's orders at dockets 16, 21, and 28, and all discovery demands on Mihaly and Yacov Ehrenreich **forthwith**. They are to be served via mail, e-mail, and personally at all of the addresses listed in docket 31. Hindman is to file proof of such service on the docket within one week of such service.

If, by 30 days after such service, Harry Mihaly and Yacov Ehrenreich have failed to provide any discovery or attend any depositions, **they each shall be fined $100 per day, payable to the Clerk of Court**, until they provide the necessary written and deposition discovery. Mihaly and Yacov Ehrenreich are also to pay the $3,148.42 in fees and costs Hindman incurred in making its motion to compel forthwith.

If, by 60 days after service, a defendant has failed to respond, Hindman may move for further sanctions, and such defendant(s) will be ordered to show cause as to why additional sanctions are not warranted.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 18, 2022
       New York, New York